IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROTISH V. SINGH,

        Petitioner,                Civil No. 03-242-CO

    v.                         FINDINGS AND RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

COONEY, Magistrate Judge.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in Washington County Circuit Court, Case No. C972439CR. The petition contains two grounds for relief. Respondent argues that petitioner did not file his habeas corpus petition within the time allowed by 28 U.S.C. § 2244. Petitioner argues that he is entitled to equitable tolling so that his petition may be deemed timely filed. For the reasons set forth below, petitioner's petition should be denied and this proceeding should be dismissed.

## **BACKGROUND**

Petitioner entered a "no contest" plea to crimes

including one count of Kidnapping in the First Degree, and one count of Rape in the First Degree. (Exhibit 101.) Petitioner directly appealed his convictions to the Oregon Court of Appeals. The Oregon Court of Appeals affirmed his conviction. The appellate judgment issued April 13, 1999. (Exhibit 102.) Petitioner did not seek review by the Oregon Supreme Court or the United States Supreme Court.

On September 5, 2000, petitioner filed a petition for post-conviction relief in Malheur County Circuit Court, Case No. 0009535M. (Exhibit 103.) On September 13, 2001, the post-conviction court denied relief. (Exhibit 104.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, Singh v. Lampert, 184 Or. App. 503 (2002). The appellate judgment issued January 29, 2003. (Exhibit 105.) The Oregon Supreme Court denied review. Singh v. Lampert, 335 Or. 142 (2002).

## DISCUSSION

This petition was filed on February 24, 2003. The provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), applicable to this case, imposes a one-year statute of limitations on the filing of federal habeas corpus petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations begins to run from the latest of:

>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The AEDPA provides that the statute of limitations is tolled during the time that a state prisoner is attempting to exhaust his claims in state court, including the time during which a state prisoner is attempting to exhaust, through proper use of state court procedures, state court remedies with regard to a post-conviction application. Nino v. Galaza, 183 F.3d 1003, 1005-06 (9th Cir. 1999)(citing 28 U.S.C. § 2244(d)(2)). However, the "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that

3 - FINDINGS AND RECOMMENDATION

interval." Id.

In this case, petitioner's direct appeal was final on April 13, 1999, (Exhibit 102). Ordinarily, the period of direct review in § 2244(d)(1)(A) includes the ninety day period in which a petitioner may seek certiorari from the United States Supreme Court, whether or not a petition for writ of certiorari is filed. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); McKown v. Myers, No. Civ. 02-337-ST, 2004 WL 2066744, at *1-*2 (D. Or. Sept. 15, 2004); adopted by Order, 2005 WL 226073 (D. Or. Jan. 21, 2005). Here, however, because petitioner did not seek review in the Oregon Supreme Court, the expiration of the time for seeking direct review ended on April 13, 1999, when his direct appeal was final.[1] See 28 U.S.C. § 2244(d)(1)(A); Roberts v. Cockrell, 319 F.3d 690, 693, 694 (5th Cir. 2003).

Accordingly, petitioner had one year from April 13, 1999, to file his habeas corpus petition--by April 13, 2000. Petitioner filed his petition for post-conviction relief on September 5, 2000, (Exhibit 103). Here, because the AEDPA's statute of limitations is not tolled "from the time a final decision on direct state appeal and the time the first state

---

[1] Oregon Rules of Appellate Procedure provide that, "With respect to a decision of the Court of Appeals, the Administrator will not issue the appellate judgment for a period of 35 days after the decision to allow time for a petition for review pursuant to ORS 2.520 and Rule 9.05. . . ." Or. R. App. P. 14.05(3)(a).

collateral challenge is final because there is no case 'pending' during that interval," Nino, 183 F.3d at 1006, the AEDPA's one-year statute of limitations ran on April 13, 2000, before petitioner filed his petition for post-conviction relief.

Absent equitable tolling, petitioner's petition is untimely. To be entitled to equitable tolling, a petitioner must demonstrate "'*extraordinary* circumstances beyond a prisoner's control'" that made it impossible to file a timely petition. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002) (citation omitted). The Ninth Circuit has found that equitable tolling is "'unavailable in most cases.'" Miranda, 292 F.3d at 1066 (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). The threshold necessary to trigger equitable tolling under the AEDPA is "'very high, lest the exceptions swallow the rule.'" Miranda, 292 F.3d at 1066. In addition, "The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner argues that his petition should be deemed timely filed under the doctrine of equitable tolling because of attorney misconduct. He contends that his retained attorney's delay of over one year in filing his post-

5 - FINDINGS AND RECOMMENDATION

conviction petition constituted extraordinary circumstances which severely hindered his ability to comply with the federal filing deadline. In his brief in support, petitioner asserts that he is a person of limited English skills and because of this language barrier, he was at the mercy of his attorney and entitled to rely on his promises. He asserts that it would be unreasonable to expect him to hire a second attorney to timely preserve his federal claims because he remained incarcerated and because it was not evident that his retained attorney, Mr. Lyons, would not meet the deadline. He further asserts that he "diligently attempted to keep his case moving forward by trying to contact his attorney." (Pet'r Brief at 9.) Petitioner relies on Spitsyn, 345 F.3d 796, contending that the misconduct of his attorney, like that in Spitsyn, was sufficiently egregious to justify equitable tolling.

In reply, respondent contends that petitioner fails to show that equitable tolling should apply since petitioner presents no evidence of mental incompetence or external factors beyond his control to prevent his petition from being timely filed; he argues that petitioner does not present evidence of his "'limited ability speak English and his retained attorney['s] fail[ure] to prepare and file his state [post-conviction] proceedings until after the federal deadline had passed.'" (Resp. Reply at 6.) He argues that there is no

evidence of when the attorney-client relationship was entered into, and no evidence to support petitioner's statement that attorney Lyons failed to file a state post-conviction petition for over a year. He contends there is no evidence that petitioner or anyone attempted to keep his case moving forward. Respondent contends that attorney error in a collateral challenge cannot amount to ineffective assistance of counsel, and petitioner bears the risk of attorney error in a collateral challenge.

In his sur-reply, petitioner includes exhibits including the declaration of petitioner's parent, (Exhibit C); petitioner's declaration, (Exhibit D); a "Release of Information Authorization" dated July 21, 1999, on the letterhead of attorney Wm. Timothy Lyons, signed by petitioner, (Exhibit E); a February 1, 2000, letter from attorney Lyons to petitioner regarding his petition for post-conviction relief, (Exhibit F); and the affidavit of Mr. Lyons dated September 27, 2004, (Exhibit G).

The record shows that petitioner hired William Timothy Lyons to represent him "to prepare and file the state post-conviction petition and litigate the case," on or about June 23, 1999, for $5,000.00. (Ex. D R. Singh Decl. At a 1 & Attachs.; Ex. C J. Singh Decl. At 1 & Attach.) Petitioner declares that he wrote to Mr. Lyons on "several numerous

7 - FINDINGS AND RECOMMENDATION

occasions" asking about the status of his case, but he was unsuccessful in finding out the status if his case. (Ex. D R. Singh Decl. At 1.) Petitioner asked his parents to meet with Mr. Lyons to find out what was going on with his case. (Ex. D R. Singh Decl. At 1; Ex. C J. Singh Decl. At 2.) When Jai Singh met with Mr. Lyons, he was told that Mr. Lyons had filed the petition and that the court was delaying the case. (Ex. C J. Singh Decl. At 2; Ex. D R. Singh Decl. At 2.) Petitioner declares that he relied upon Mr. Lyons, "trying my best to pursue my case with the courts on numerous times." (Ex. D R. Singh Decl. At 2.) The record shows that Mr. Lyons wrote to petitioner by letter dated February 1, 2000, advising him that he had completed his evaluation and research into petitioner's claim for post-conviction relief. He advised petitioner that he "should have the petition ready for filing in the next few weeks." (Ex. F Feb. 1, 2000, Letter from Lyons to Pet'r.) Mr. Lyons states in his affidavit that he was privately retained by petitioner to prepare, file, and litigate a post-conviction petition, which was filed on September 5, 2000. He states that, following a request in June 2004 from an investigator with the Federal Public Defender's Office, he was unable to find petitioner's file after conducting a thorough search, and he believes his file was lost during an office move. Mr. Lyons states that he recalls that the petition took

8 - FINDINGS AND RECOMMENDATION

over a year to file but that he is not aware of an particular reason why it took so long to file. He states that he knows that the Oregon post-conviction statute allows a two-year period for filing a state petition and he was within the time limit, but that he was not aware that there is a one-year federal statute of limitations under the AEDPA which was also running. Mr. Lyons states that, "If I had known about the federal time limitation, I would have filed Mr. Singh's petition in time to allow him to pursue any remedy he might have in federal court." (Ex. G Lyons Aff. At 1-2.)

Generally, in a non-capital case, the Ninth Circuit has not found attorney negligence which causes the untimely filing of a federal habeas petition to warrant equitable tolling. Spitsyn, 345 F.3d at 800 (citing Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001); Miranda, 292 F.3d 1063). The Spitsyn court found that the failures of petitioner's attorney in the circumstances there, where petitioner's attorney completely failed to prepare and file a petition although hired nearly one year before the deadline; petitioner and his mother contacted the attorney numerous times seeking action which was fruitless; and despite a request for return of the file within the limitations period, the attorney retained it for more than two months after the period had run, returning it after a disciplinary action was commenced by the bar, Spitsyn, 345

F.3d at 798, 801-02, were sufficiently egregious and "may" justify equitable tolling.  Id. at 802; see Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (finding that attorney's actions were "extraordinary," where counsel failed to file a 2255 petition at all despite specific direction by petitioner's representative; no legal research was done; and counsel never spoke to petitioner and made no effort to locate him after a letter to him was returned).

In these cases, the attorney never filed a petition on behalf of the petitioner which they were hired to do.  Here, in contrast, counsel filed petitioner's post-conviction petition, albeit more than a year after he was retained for that purpose.  Courts have found that ordinary attorney negligence, such as a counsel's mistake in calculating the federal deadline, was not sufficiently egregious to warrant equitable tolling, Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of limitations period); Miranda, 292 F.3d at 1066-68 & n.4 (and cases cited) (same); see Ford v. Hubbard, 330 F.3d 1086, 1105 & nn. 19, 20 (9th Cir. 2003), cert. granted, 540 U.S. 1099 (2004) (and cases cited); Smaldone v. Senkowski, 273 F.3d 133, 138-39 (2d Cir. 2001) (per curiam); Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999) (attorney's inadequate research, which led to miscalculating the deadline, found insufficient); Felder v. Johnson, 204 F.3d

168, 172-73 & n.10 (5th Cir. 2000) (mere ignorance of the law or statute of limitations insufficient to warrant equitable tolling); Chapman v. Choicecare Long Island Term Disability, 288 F.3d 506, 512 (2d Cir. 2002) (a want of diligence of plaintiff's attorney generally found insufficient to toll limitations period); Meiggs v. Pinkens, No. C 99-3638 EDL (PR), 2000 WL 101245, at *3 (N.D. Cal. Jan. 20, 2000) ("Ignorance of the deadline–whether on the part of the petitioner herself or due to the petitioner's attorney's negligence--does not merit equitable tolling for the delay caused by such ignorance." (and cases cited)). The Third Circuit has stated: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (and cases cited). The facts presented in the record show that petitioner's attorney's conduct here was ordinary negligence, which does not warrant equitable tolling.

Moreover, the Ninth Circuit has held that, "because [petitioner] had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's 'effective' assistance, either," such that advice volunteered by petitioner's counsel appointed for direct view as to the

11 - FINDINGS AND RECOMMENDATION

federal deadline, did not constitute extraordinary circumstances sufficient to warrant equitable tolling. Miranda, 292 F.3d at 1068.

Here, there are no extraordinary facts presented by petitioner which might suggest that equitable tolling is warranted. Because the record is sufficient for the court to make its determination, there is no need to develop the factual record and petitioner's request for an evidentiary hearing is denied. See Spitsyn, 345 F.3d at 802 (attorney's failures may warrant equitable tolling for some period of time; district court on remand to consider whether petitioner exercised reasonable diligence in filing petition); Baldayaque, 338 F.3d at 152 ("The presence of extraordinary circumstances is not enough, however, to justify the application of equitable tolling. A petitioner must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely.")

## **RECOMMENDATION**

Based on the foregoing, it is recommended that petitioner's petition (#2) be denied` and this case be dismissed, and that judgment be entered dismissing this case with prejudice.

***This recommendation is not an order that is immediately***

***appealable to the Ninth Circuit Court of Appeals***. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections***. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __8__ day of February, 2005.

```
              /s/
         John P. Cooney
   United States Magistrate Judge
```